```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOSEPH SANTULLI,                   )
                                   )
          Petitioner,              )
                                   )
          v.                       )    C.A. No. 10-10542-DPW
                                   )
MRS. SABOL, Warden,                )
                                   )
          Respondent.              )
```

MEMORANDUM AND ORDER
April 5, 2010

On June 21, 2009, Joseph Santulli, a civilly committed person who is confined at FMC Devens, filed a petition under § 2241 in the United States District for the Southern District of New York.  See Santulli v. Sabol, C.A. No. 10-02541-LAP (S.D.N.Y.).  The petition was dated May 18, 2009.  On March 22, 2010, the petition was placed on the docket of the Southern District of New York, and the court ordered that the action be transferred to this Court because Santulli is located within this jurisdiction.  See id.  For the reasons stated below, I dismiss the petition without prejudice.

The present petition is identical in substance to two petitions that Judges William G. Young and Nathaniel M. Gorton of this court entertained last year.  See Santulli v. Sabol, C.A. Nos. 09-40104-WGY, 09-40107-NMG (D. Mass.).  In these petitions, Santulli alleged that his court-ordered psychiatric examination was complete and that he was ready for release or to be sentenced

on the criminal charge that had been brought against him.[1]  He also asked for appointment of counsel.  These petitions were dismissed without prejudice in July 2009 on the ground that, since the time Santulli had filed the petitions, the committing court, *see United States v. Santulli*, C.A. No. 97-00446 (E.D. Ky.), had appointed counsel for Santulli and was actively reviewing the validity of his continued confinement.  *See* C.A. No. 09-40104-WGY (Docket Entry #6); C.A. No. 09-40107-NMG (Docket Entry #8).

The present petition was prepared by Santulli at about the same time he drafted the petitions dismissed by Judge Young and Judge Gorton.  Upon review of the docket of Santulli's ongoing action in front of the committing court, I also conclude that the petition should not be served on the respondent[2], but rather should be dismissed without prejudice.  The issues Santulli raised when he prepared his petition almost a year ago have been

---

[1]The order of transfer from the Southern District of New York sets forth Santulli's commitment history in some detail.  *See* Docket Entry #2, at 1-2.  In brief, Santulli was charged in 1994 with assault on a federal officer.  The charge was dropped after Santulli was found incompetent to stand trial and was civilly committed.  In 2001, Santulli was conditionally released, but, in 2002, the District of Kentucky revoked the conditional release.  It appears that Santulli has been in federal medical facilities since that time.

[2]*See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent)

or are still being addressed by the committing court. Santulli continues to be represented by appointed counsel. The committing court is requiring status reports and ensuring that Bureau of Prisons submit an annual risk assessment report. *See United States v. Santulli*, C.A. No. 97-00446 (E.D. Ky.) (Docket Entries ##132, 133). Santulli's present petition in this court is therefore unnecessary.

Accordingly, the petition for a writ of habeas corpus is <u>DISMISSED WITHOUT PREJUDICE</u>.

SO ORDERED.

                                      /s/ Douglas P. Woodlock
                                      DOUGLAS P. WOODLOCK
                                      UNITED STATES DISTRICT JUDGE